

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. P. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. 0-6287
Re: Maximum salaries of deputies
of various county officials

Your letter of November 2, 1944, requesting the
opinion of this department on the questions stated therein,
is as follows:

"Hill County, according to the last Fed-
eral Census had a population of 38,355, and is
operating under the Officers' Salary Law. I
will appreciate your opinion on questions as
follows:

"What is the maximum salary that can be
paid to the First Assistant or Chief Deputy?

"What are the maximum salaries that can
be paid to other Assistants, Deputies, or Clerks
in the offices listed?

"County Clerk, Tax Assessor-Collector,
District Clerk, and Sheriff

"In computing the maximum salaries on
which I have requested information as above
will they be based on total received in any
one year or the rate of pay by the month?"

Article 3902, Vernon's Annotated Civil Statutes,
provides in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY

Hon. P. K. Wilkinson, Page 2

"Whenever any district, county, or precinct officer shall require the services of deputies, assistants, or clerks in the performance of his duties, he shall apply to the County Commissioners' Court of his County for authority to appoint such deputies, or assistants, or clerks, stating by sworn application the number needed, the position to be filled, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions, and compensation to be collected by said office the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

" . . . .

"3. In counties having a population of thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants, first assistant or chief deputy not to exceed Twenty-one Hundred ($2100.00) Dollars per annum; other assistants, deputies or, clerks not to exceed Eighteen Hundred ($1800.00) Dollars per annum each. Provided that nothing in this Act shall be construed as repealing or affecting Section 2 of H. B. No. 694, Chapter 315, Acts 1935, Forty-fourth Legislature, page 724."

The foregoing provision of Article 3902, is applicable to Hill County as said county has a population of 38,355 inhabitants according to the 1940 Federal Census. The maximum annual

Hon. P. K. Wilkinson, Page 3


salary that the Commissioners' Court can legally authorize for the first assistant or chief deputy of County Clerk, Tax Assessor-Collector, District Clerk, and Sheriff is $2100.00 per annum each. The salary of other assistants, deputies, or clerks of said officials cannot exceed $1800.00 per annum each.

It is within the discretion of the Commissioners' Court to determine the amount of compensation allowed each assistant, deputy, or clerk. The compensation which may be allowed said deputies, assistants, or clerks for their services shall be reasonable and cannot exceed the amounts mentioned in Article 3902.

After carefully considering the last question presented in your letter, we are unable to determine the information desired. In the event you still want our opinion on this question, please fully state all the facts regarding this question and we will be glad to give this matter our further consideration.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED NOV 15 1944

ATTORNEY GENERAL OF TEXAS

AW:ff


APPROVED OPINION COMMITTEE BY BWB